IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDMUND L. GILCHRIST,**                    :
                                            :
                    **Petitioner,**         :        **CIVIL NO. 3:CV-06-0639**
                                            :
         **v.**                             :        **(Judge Caputo)**
                                            :
**TROY WILLIAMSON,**                        :
                                            :
                    **Respondent.**         :

## M E M O R A N D U M

### I.    Introduction

_____Edmund Gilchrist, an inmate at the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  The appropriate filing fee has been paid in full.  Respondent is FCI-Allenwood Warden Troy Williamson.  Petitioner challenges his federal sentencing, and he claims that he is entitled to a sentence adjustment pursuant to recent Supreme Court decisions.

### II.   Background

         Petitioner states that he entered a guilty plea on narcotics charges, and he claims that his sentence range should have been 130 to 162 months imprisonment.  (Doc. 1 at 6.)  However, he asserts that the sentencing judge concluded that Petitioner is a career offender, and under the United States Sentencing Guidelines ("USSG") the judge enhanced his sentencing range to 188 to 235 months.  (*Id.* at 7.)  As a result of his plea, Petitioner was sentenced to 188 months imprisonment.  (*Id.*)  Subsequently, Petitioner filed a motion to modify his sentence under 28 U.S.C. § 2255, which was denied.  (*Id.* at 1.)  Thereafter, the United States Supreme Court issued decisions which altered the

application of the USSG, and Petitioner claims that he is entitled to retroactive application

of these decisions to substantially reduce his sentence.  For the reasons that follow, the

Court finds that § 2241 relief is unavailable to Petitioner, and will summarily dismiss the

petition.

### III.    Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)

(applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp.

156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court, the judge shall make an order for its summary dismissal and

cause the petitioner to be notified."  A petition may be dismissed without review of an

answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the

necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d

134, 141 (6th Cir.)  *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997).

The *Allen* court also stated that "the District Court has a duty to screen out a habeas

corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be

brought in a § 2255 motion.  *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir.

1999).  Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the

district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604

2

(E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Brooks*, *supra*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

It does not matter whether Petitioner has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255 motion from the specific language of the Code. In either event, § 2255 is not inadequate or ineffective merely because he is unable to meet the gatekeeping requirements of the section. *Dorsainvil*, 119 F.3d at 251. If he has sought such permission, and been denied,

then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission

has not been sought, he would be required to do so under § 2244(b)(3)(A).[2]

Petitioner claims that his federal sentence was improperly enhanced.  In support of

his petition, he cites the United States Supreme Court's decision in *U.S. v. Booker*, 125

S.Ct. 738 (2005).  *Booker* reaffirmed *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in

which the Court held that any fact other than a prior conviction "that increases the penalty

for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  However, a new rule of

criminal procedure will not apply "to those cases which have become final before the new

[rule is] announced," *Teague v. Lane*, 489 U.S. 288, 310 (1989), unless the new rule

applies retroactively.  Although the "Supreme Court has unequivocally stated that the

*Apprendi* line of cases, of which Booker is surely one" *Lloyd v. U.S.*, 407 F.3d 608, 612 n. 2

(3d Cir. May 17, 2005), announced a new rule of criminal procedure, the Supreme Court

has not made a ruling that *Apprendi* or *Booker* may be applied retroactively.  *U.S. v.*

*Brown*, No. 05-1261, 05-1870, 2006 WL 622962, at *3 (3d Cir. March 14, 2006).  Since the

---

[1]28 U.S.C. § 2244(a) states:
    "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[2]28 U.S.C. § 2244(b)(3)(A) states:
    "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

cases may not presently be applied retroactively to cases on collateral review, this Court is precluded from doing so.  *See U.S. v. Pinkston*, 153 F.Supp.2d 557 (M.D. Pa. 2001).  At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy a second time, because of the gatekeeping provisions in that section.[3]  Nothing in the instant petition alters the Court's conclusion that he has failed to establish the inadequacy or ineffectiveness of the remedy. Since section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   An appropriate order follows.


Dated: April 21, 2006.                          /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge

---

[3]28 U.S.C. § 2255 states in pertinent part:
        "A second or successive motion must be certified as provided in
section 2244 by a panel of the appropriate court of appeals to contain —
        (1)  newly discovered evidence . . . or
        (2)  a new rule of constitutional law, made retroactive to cases on
        collateral review by the Supreme Court . . . ."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EDMUND L. GILCHRIST,**                      :
                                              :
                        **Petitioner,**       :          **CIVIL NO. 3:CV-06-0639**
                                              :
        **v.**                                :          **(Judge Caputo)**
                                              :
**TROY WILLIAMSON,**                          :
                                              :
                        **Respondent.**       :

## O R D E R

        **AND NOW, THIS 21st DAY OF APRIL, 2006,** in accordance with the foregoing

memorandum, **IT IS HEREBY ORDERED THAT**:

        1.  The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is

**DISMISSED** without prejudice to any right Petitioner may have to move the

appropriate court of appeals for an order authorizing the district court to consider a

successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

        2.  The Clerk of Court is directed to **CLOSE** this case.

        3.  There is no basis for the issuance of a certificate of appealability.


_____ /s/ A. Richard Caputo
_____                A. RICHARD CAPUTO
                      United States District Judge